**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JESUS A. WAYNE, JR., | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:25-cv-02525 (UNA) |
| KWAN MCKNIGHT, *et al*., | |
| *Defendants*. | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants Plaintiff's IFP Application and, for the reasons explained below, it dismisses this matter for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who resides in the District of Columbia, sues an individual, Kwan McKnight, who also resides somewhere in the District, and four other unnamed individuals, three of whom reside somewhere in the District, and one of whom resides somewhere in Maryland. *See* Compl.

at 1, 3–4. He does not provide full addresses for the Defendants, in contravention of D.C. Local Civil Rule 5.1(c)(1). The allegations themselves are spare; Plaintiff alleges only that, on August 4, 2025, Defendants trespassed at his property, and he identifies their vehicles by make, model, and license plate number. *See id*. at 7–8. Plaintiff does not plead for any relief, stating "no relief, no lawsuit." *Id.* at 7.

Plaintiff has failed to establish subject matter jurisdiction. First, he has failed to state a federal question. *See* 28 U.S.C. § 1331. Plaintiff does not invoke any authority that provides a federal cause of action, nor can the court independently discern any basis for federal question jurisdiction from the facts given in the complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly." (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam))).

Second, Plaintiff has also failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an "'allegation of *residence* alone is insufficient to establish the *citizenship* necessary for diversity jurisdiction,'" *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Here, Plaintiff has failed to sufficiently allege the residences of the Defendants, let alone their domiciles or citizenships.

Assuming that Defendants are citizens of the respective states noted, Plaintiff still fails to establish diversity jurisdiction because both he and four of the Defendants are domiciled in the

District, thus defeating complete diversity. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."). Moreover, Plaintiff has not demanded any damages, let alone alleged that the amount in controversy plausibly exceeds $75,000.

Consequently, this case is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3). A separate Order will issue contemporaneously.


Date:  October 24, 2025

CARL J. NICHOLS
United States District Judge